**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHAWN DELONG, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs<br><br>PHE, INC.<br><br>Defendant. | CASE NO.:<br><br>HON:<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Shawn Delong, by and through his attorneys, for his Complaint against PHE, Inc., alleges and states as follows:

1. Plaintiff, on behalf of himself and all others similarly situated ("**Plaintiff**"), brings this class action due to Defendant's disclosure of communications regarding Plaintiff's private and protected sexual information along with his IP addresses without his consent including but not limited to:

a. Sexual preferences;

b. Sexual orientation;

c. Sexual practices;

d. Sexual fetishes;

e. Sex toy preferences; and

f. Search terms.

(collectively, "**Private and Protected Sexual Information**")

2. Specifically, Defendant caused Google to learn the contents of Plaintiff's Private and Protected Sexual Information along with Plaintiff's IP address without consent.

3. The Private and Protected Sexual Information learned by Google without Plaintiff's consent is highly sensitive and private information that a reasonable person would want to remain private.

4. Plaintiff is a consumer of the website, www.adameve.com (the "**Website**") which sells adult products.

5. When Plaintiff used Defendant's Website, information that revealed his Private and Protected Sexual Information and IP address was provided to Google without notifying him and without his consent.

6. Defendant violated The Pennsylvania Wiretap Act, 18 Pa. Const. Stat. § 5701, et. seq. each time it disclosed Plaintiff's Private and Protected Sexual Information.

7. Pursuant to 18 Pa. Cons. Stat. §5725(a), Defendant is liable to Plaintiff for (1) actual damages, not less than liquidated damages computed at the rate of $100 per day for each disclosure of Plaintiff's Private and Protected Sexual Information or $1,000, whichever is higher; (2) punitive damages; and (3) reasonable attorneys' fees and other litigation costs incurred.

## PARTIES

8. Plaintiff is an individual that is over 18 years old and is a citizen of Montgomery County, Pennsylvania, where he resides and intends to remain. Plaintiff is a consumer of Defendant's Website.

9. Defendant PHE, Inc. is a North Carolina corporation with its principal place of business at 302 Meadowlands Dr. Hillsborough, NC 27278-8502. Defendant developed, owns, and/or operates the Website.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA jurisdiction is appropriate because there is minimal diversity in citizenship between the Defendant and at least one class member, there are 100 or more Class Members, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

11. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

12. Defendant is the owner/operator of Adam & Eve, ("the Website")[1] which is the largest adult product marketer in the United States.

13. Thousands of Pennsylvania residents visit Defendant's Website each year.

14. Consumers use Defendant's Website to purchase adult products, including sex toys for men and women, bondage equipment, S&M products, lubricants, lingerie, and more.

15. Defendant's Website collects various information about its consumers including, but not limited to Private and Protected Sexual Information relating to the consumers' sexual life, sexual preferences, and sexual orientation, along with their IP addresses to Google. An IP address is a number that identifies a specific device connected to the Internet and its geolocation.

### Google and Google Analytics

16. Defendant's Website sends Plaintiff's Private and Protected Sexual Information to Google using "Google Analytics."

17. Google Analytics is a web analytics service, which allows website owners to track visitor actions on their website in order to target them with personalized advertisements. Google Analytics collects IP addresses of individual internet consumers in order to facilitate and track internet communications. Simply put, Google can use the information that Defendant is disclosing in order to identify a specific consumer's actions on the Website.

18. Google Analytics offered Defendant an opt-in IP anonymization feature for the Website. According to Google, this feature is designed to help site owners comply with their own privacy policies and the recommendations of data protection authorities.

19. Defendant did not enable the opt-in IP anonymization feature, which allows an additional parameter to be added to the communications between Plaintiff, as the website visitor, and the Google Analytics server defined as aip=1 as shown below:

[1] https://www.adameve.com/t-privacy.aspx (last accessed May 24, 2023).



20. Accordingly, when the "aip" parameter does not appear, the IP address is not anonymized, enabling Google to identify the consumer's IP addresses and their online actions.

21. Defendant does not enable the IP anonymization feature on its website. This is demonstrated by the absence of the "aip" parameter, as shown in the image below:

▾ Query String Parameters view source view URL-encoded
v: 1
_v: j98
a: 1088890873
t: event
ni: 1
_s: 1
dl: https://www.adameve.com/shoppingcart.aspx
ul: en-us
de: UTF-8
dt: Adam & Eve Sex Toy Store | #1 Source for Adult Toys Online
sd: 24-bit
sr: 2560x1440
vp: 1362x1289
je: 0
ec: Ecommerce
ea: Checkout Step
_u: SCCAAAALAAAAAAAM~
jid:
gjid:
cid: 1302355991.1671549814
tid: UA-1283698-9
_gid: 422031894.1671549814
gtm: 2wgbu056RXBQ
cos: 1
pa: checkout
pr1id: 319X
pr1nm: Adam  Eve Silicone G-Gasm Rabbit
pr1pr: 69.95
pr1br: Adam and Eve
pr1ca: 1046
pr1qt: 1
pr1va: 6200
pr1cd10: 60
pr1cd11: In Stock
pr1cd13: 3.60
pr2id: 873X
pr2nm: Vibrator Accessory Kit
pr2pr: 14.95
pr2ca: ADDON_KIT
pr2qt: 1
pr2va: 0000
pr2cd10: 50
pr2cd11: In Stock
pr2cd13: 4.25
il1nm: YMAN_CART
il1pi1id: 128X
il1pi1ps: 1
il1pi1nm: Westinghouse AAA Batteries 4-Pack
il1pi1pr: 5.95
il1pi1br: Batteries and Things
il1pi1ca: Sex Toys/Batteries and Accessories
il1pi1cd1: 50
il1pi1cd2: 01
il1pi1cd5: 0
il1pi1cd7: In Stock
il1pi1cm2: 4.4
il1pi1cd23: 5.95
il1pi1cm4: 250
il1pi1cm5: 5.95

22. By using the Google Analytics tool without the anonymized IP feature, Defendant is sharing with Google Plaintiff's online activity, along with his IP address, even when he, like other consumers, have not voluntarily shared or consented to share such information.

23. The moment Plaintiff entered Defendant's Website, Plaintiff's interaction with the Website is immediately and automatically sent directly to Google as depicted below:

Adam & Eve
Celebrating 50+ Years
Search
GO
1-800-765-2326
ACCOUNT
CART
For Her
For Him
For Couples
Vibrators
Bondage
Lingerie
Lubes
Bath & Body
Sale Outlet
TODAY ONLY
TAKE
25% OFF
1 ITEM
Shop Now
Enter Code: KISS25
Discount applied to highest regular priced item in cart. Some exclusions.
BEST-SELLIN WOMEN'S TOYS
Shop Now
BEST-SELLIN MEN'S TOYS
Shop Now
BEST-SELLIN COUPLE'S TOYS
Shop Now
Holiday Gift Guide
Sexy Gifts FOR HER
Hot Gifts FOR HIM
Best Gifts FOR COUPLES
Holiday LINGERIE
Most Wanted VIBRATORS
Gifts UNDER $25
SPIN & SAVE!
Chat

METHOD: POST +

URL

```
+ https://www.google-analytics.com/g/collect?v=2&tid=G-9EEVV2EFZ
4&gtm=2oebu0&_p=583548772&cid=725432500.1671554204&ul=en-us&sr=1
536x864&uaa=x86&uab=64&uafvl=Not%253FA_Brand%3B8.0.0.0%7CChromiu
m%3B108.0.5359.124%7CGoogle%2520Chrome%3B108.0.5359.124&uamb=0&u
am=&uap=Windows&uapv=14.0.0&uaw=0&_s=1&uid=2d3039f7-fef4-4bf0-be
1a-00d653ad68be&sid=1671554209&sct=1&seg=0&dl=https%3A%2F%2Fwww.
adameve.com%2F&dt=Adam%20%26%20Eve%20Adult%20Toy%20Store%20%7C%2
0Best%20Sex%20Toys%20for%20Men%20%26%20Women&en=page_view&_fv=1&
_ss=1&up.userID=2d3039f7-fef4-4bf0-be1a-00d653ad68be
```

HEADERS

```
+ accept:             */*
+ accept-encoding:    gzip, deflate, br
+ accept-language:    en-US,en;q=0.9
+ connection:         keep-alive
+ content-length:     0
+ host:               www.google-analytics.com
+ origin:             https://www.adameve.com
```

Page 6

CLASS ACTION COMPLAINT

24. Consumers can choose between different categories and different adult products on the Website.

25. As illustrated in the images below, the specific categories a given consumer views are transmitted to Google by Defendant's Website:



Adam & Eve
Celebrating 50+ Years
Search
GO
ACCOUNT | CART
For Her
For Him
For Couples
Vibrators
Bondage
Lingerie
Lubes
Bath & Body
Sale Outlet
Still Time to Get It by Christmas!
Take 25% OFF 1 Item
Use Code: KISS25
Home / Sex Toys / Women's Sex Toys
Women's Sex Toys
Categories
Sex Toys (1,010)
Women's Sex Toys (455)
Vibrators (381)
Men's Sex Toys (273)
Lesbian Toys (260)
Sex Toys for Couples (207)
Dildos (180)
Anal Toys (142)
Bondage (115)
Male Masturbators (103)
Penis Rings (81)
Sex Toy Kits (74)
Strap-Ons (47)
Gay Sex Toys (41)
Penis Sleeves and Extensions (31)
Nipple Toys (29)
Penis Pumps (23)
Sex Games and Books (23)
Fifty Shades of Grey (22)
Ben Wa Balls (18)
Oral Sex Toys (14)
THRUSTING VIBRATORS
for the Deep
Shop Now
Treat yourself to the perfect sex toy. Adam & Eve carries adult toys for women with a variety of features that are guaranteed to hit all the right spots. Order confidently with fast and discreet shipping, a money back guarantee and free gifts!
Best Toys for Women
Clitoral Vibes (72)
Vibrators
Rabbit Vibes (60)
Dildos (180)
G-Spot Vibes (56)
Anal Toys (142)
Try Our
Vibrator Wizard
Answer a few questions & find the best vibes for your pleasure.
Get Started

Page 8

CLASS ACTION COMPLAINT

METHOD: POST +

URL

+ https://www.google-analytics.com/j/collect?v=1&_v=j98&a=1368443182&t=pageview&_s=1&dl=https%3A%2F%2Fwww.adameve.com%2Fadult-sex-toys%2Fwomens-sex-toys-ch-955.aspx&ul=en-us&de=UTF-8&dt=Sex%20Toys%20For%20Women%3A%20Vibrators%2C%20Dildos%20%26%20More%20%7C%20Adam%20%26%20Eve&sd=24-bit&sr=1536x864&vp=1519x746&je=0&_u=QCCAAEABAAAAACgCI~&jid=&gjid=&cid=725432500.1671554204&tid=UA-1283698-1&_gid=1002262072.1671554204&_slc=1&z=28688700

HEADERS

+ accept: */*
+ accept-encoding: gzip, deflate, br
+ accept-language: en-US,en;q=0.9
+ connection: keep-alive
+ content-length: 0
+ content-type: text/plain
+ host: www.google-analytics.com
+ origin: https://www.adameve.com
+ referer: https://www.adameve.com/
sec-ch-ua: "Not?A_Brand";v="8", "Chromium";v="108", "Google Chrome";v="108"

26. Thereafter, Defendant's Website shared with Google the specific sex toys selected by the consumer.



METHOD: POST +

URL

+ https://www.google-analytics.com/j/collect?v=1&_v=j98&a=100310129&t=pageview&_s=1&dl=https%3A%2F%2Fwww.adameve.com%2Fadult-sex-toys%2Fdildo-sex-toys%2Frealistic-dildos%2Fsp-adam-eve-pink-jelly-slim-dildo-91011.aspx&ul=en-us&de=UTF-8&dt=Pink%20Jelly%20Slim%20Dildo%20-%20Dildos%20%7C%20Adam%20%26%20Eve&sd=24-bit&sr=1536x864&vp=2278x1118&je=0&_u=QCCAAEABAAAAACgCI~&jid=2138824189&gjid=516105928&cid=725432500.1671554204&tid=UA-1283698-1&_gid=1002262072.1671554204&_r=1&_slc=1&z=877039351

HEADERS

| | |
|---|---|
| + accept: | */* |
| + accept-encoding: | gzip, deflate, br |
| + accept-language: | en-US,en;q=0.9 |
| + connection: | keep-alive |
| + content-length: | 0 |
| + content-type: | text/plain |
| + host: | www.google-analytics.com |
| + origin: | https://www.adameve.com |
| + referer: | https://www.adameve.com/ |
| sec-ch-ua: | "Not?A_Brand";v="8", "Chromium";v="108", "Google Chrome";v="108" |

27. Additionally, Defendant's website shared with Google that the consumer added the sex toy to the cart and checked out.

Adam & Eve Celebrating 50+ Years
Search
GO
ACCOUNT | CART
For Her
For Him
For Couples
Vibrators
Bondage
Lingerie
Lubes
Bath & Body
Sale Outlet
Still Time to Get It by Christmas!
Take 25% OFF 1 Item
Use Code: KISS25
Home / Sex Toys / Dildos / Realistic Dildos
Adam & Eve Pink Jelly Slim Dildo
Item #136M
In Stock
Over 100,000 Sold!
821 Reviews
$12.95
SPECIAL OFFER
Pay only $9.71
When you use code KISS25 at checkout
Details
PayPal Pay in 4 interest-free payments on purchases of $30-$1,500. Learn more
Add to Cart
Add to Wish List
Email This Item
Get a Free Mystery Gift at $17+
Select In Cart
Adam & Eve 100% Guarantee
5 Pics
Adam & Eve
Guarantee
Buy with Confidence!
100%
100% Satisfaction
Always Discreet
24 7
Customer Service
Learn More
Description
Details
Reviews
You May Also Like
Product Description
The Perfect Goes Anywhere, Does Anything Dildo!
Slender, flexible and seductive! It's 6" long and 1" wide for easy vaginal play and anal exploration. Dip it into your favorite love zone! Wide base makes it easier to hold onto. Veined details pop out and stimulate! Molded from super flexible TPR material. Realistic looking! Perfect for anal beginners, be sure to use with water-based lube.
• Adam & Eve Pink Jelly Slim Dildo
• Insertable to 5.5", 1" wide
• Hot phallus shape
Adam & Eve Pink Jelly Realistic Dildo
$24.95

Page 11

CLASS ACTION COMPLAINT



28. Also notable, any information submitted by consumers through the search bar on the site's homepage is shared with Google, as demonstrated in the images below:

**Request URL:** https://www.google-analytics.com/j/collect?v=1&_v=j99&a=746418084&t=pageview&_s=1&dl=https%3A%2F%2Fwww.adameve.com%2Fsearch.aspx%3Fst%3Dstrap-on%2520dildo&ul=he-il&de=UTF-8&dt=Sex%20Toys%20by%20adameve.com%20-%20Adult%20Sex%20Toys%20%E2%80%93%20Sex%20Toys%20for%20Couples%20-%20strap-on%2Bdildo&sd=24-bit&sr=1536x864&vp=712x697&je=0&_u=SCCAAEALAAAAACgOI~&jid=&gjid=&cid=1132847793.1678209859&tid=UA-1283698-1&_gid=106492676.1680425479&_slc=1&z=567301132

**Request Method:** POST

**Status Code:** 200

**Remote Address:** 142.250.190.142:443

**Referrer Policy:** strict-origin-when-cross-origin

29. The above information, combined with the consumer's IP address, enables Google to specifically identify the person who has interacted with Defendant's Website or has submitted information through the site.

30. Website consumers did not know the communications between them, and Defendant would be shared with a third party, Google.

31. Defendant did not obtain consent or authorization of website consumers to disclose communications about their Private and Protected Sexual Information.

32. The surreptitious disclosure of Private and Protected Sexual Information is an outrageous invasion of privacy and would be offensive to a reasonable person.

33. The Private and Protected Sexual Information disclosed to Google is the type of highly sensitive and private information that any reasonable person would want to keep and would expect to remain private.

**Pennsylvania Wiretap Act**

34. In recognition of the sort of privacy concerns addressed herein, the Legislature passed the Pennsylvania Wiretap Act, 18 Pa. Cons. Stat. § 5701, et. seq.

35. The Pennsylvania Wiretap Act (the "Act") prohibits (1) the interception or procurement of another to intercept any wire, electronic, or oral communication; (2) the intentional disclosure of the contents of any wire, electronic, or oral communication that the discloser knew or should have known was obtained through the interception of a wire, electronic, or oral communication; and (3) the intentional use of the contents of any wire, electronic, or oral

communication that the discloser knew or should have known was obtained through the interception of a wire, electronic, or oral communication. 18 Pa. Cons. Stat. §5703.

36.    Any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use, a wire, electronic, or oral communication in violation of the Act is subject to a civil action for (1) actual damages, not less than liquidated damages computed at the rate of $100/day for each violation or $1,000, whichever is higher; (2) punitive damages; and (3) reasonable attorneys' fees and other litigation costs incurred. 18 Pa. Cons. Stat. § 5725(a).

37.    "Intercept" is defined as any "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. Cons. Stat § 5702.

38.    "Contents" is defined as "used with respect to any wire, electronic or oral communication, is any information concerning the substance, purport, or meaning of that communication." 18 Pa. Cons. Stat § 5702.

39.    "Person" is defined as "any individual, partnership, association, joint stock company, trust or corporation." 18 Pa. Cons. Stat § 5702.

40.    "Electronic Communication" is defined as "[a]ny transfer of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by wire, radio, electromagnetic, photoelectronic or photo-optical system." 18 Pa. Cons. Stat § 5702.

41.    Defendant is a "person" for purposes of the Act because it is a corporation.

42.    Google Analytics, as procured by Defendant, is a "device" used for the "acquisition of the contents of any wire, electronic, or oral communication" within the meaning of the Act.

43.    Plaintiff's and Class members' intercepted Website Communication constitute "contents" of electronic communication[s] within the meaning of the Act.

44.    Defendant intentionally procures and embeds Google Analytics on its website to spy on, automatically and secretly, and intercept its website visitors' electronic interactions and communications with Defendant's website in real time.

45.    Plaintiff's and Class members' electronic communications are intercepted contemporaneously with their transmission.

46. Plaintiff and Class members did not consent to having the Website Communications wiretapped.

47. Pursuant to 18 Pa. Cons. Stat § 5725(a), Plaintiff and the Class members seek (1) actual damages, not less than liquidated damages computed at the rate of $100 per day for each violation, or $1,000, whichever is higher; (2) punitive damages; and (3) reasonable attorneys' fees and other litigation costs incurred.

48. Defendant's conduct is, upon information and belief, ongoing, and it continues to unlawfully intercept the communications of Plaintiff and Class members any time they visit Defendant's website with non-anonymized Google Analytics without their consent. Plaintiff and Class members are entitled to declaratory and injunctive relief to prevent future interceptions of their communications.

**Plaintiff's Use of Defendant's Website**

49. Plaintiff is a consumer who has purchased adult products from Defendant's website.

50. Plaintiff first used Defendant's website in approximately 2015.

51. Plaintiff has used Defendant's website on numerous occasions to search for and purchase adult products.

52. Plaintiff purchased products from Defendant's website on multiple occasions, most recently within the last two years.

53. This included searching for adult products.

54. Plaintiff's use of the Website constitutes internet messages, reports, and/or communications between Plaintiff and Defendant.

55. Those internet messages, reports, and/or communications were transmitted and passed over a wire, line, or cable.

56. Those messages, reports, and/or communications were sent from and received in Pennsylvania.

57. Each time Plaintiff used Defendant's website, Defendant willfully disclosed Plaintiff's Private and Personal Sexual Information, the items he selected, search terms he entered

on the Website, products he placed in his cart, and products he purchased to Google via Google Analytics.

58. This information was instantly disclosed to Google when Plaintiff entered the Website and tracked and disclosed to Google everything Plaintiff did on Defendant's Website.

59. Google is not a party to the messages, reports, or communications between Plaintiff and Defendant.

60. Plaintiff did not know the messages, reports, or communications between himself, and Defendant would be disclosed to Google.

61. Plaintiff did not know that his Private and Personal Sexual Information and IP address would be shared, used, sold or otherwise disclosed to Google.

62. Plaintiff did not consent to the messages, reports, or communications between himself, and Defendant being shared with Google.

## CLASS ALLEGATIONS

### A. Definition of the Class

63. Plaintiff brings this action individually and on behalf of all persons that the Court may determine appropriate for class certification, pursuant to Fed. R. Civ. P. 23 (the "**Class**" or "**Class Members**"). Plaintiff seeks to represent a Class of persons preliminary defined as:

> **All individuals who have visited the Website, navigated through the Website's pages, entered search terms on the Website, and/or purchased adult products on the Website.**

This definition is subject to modification as discovery discloses further information. Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

64. This case is properly maintainable as a class action pursuant to and in accordance with Fed. R. Civ. P. 23 in that:

a. The Class, which includes thousands of members, is so numerous that joinder of all Class Members is impracticable;

b. There are substantial questions of law and fact common to the Class, including those set forth in greater particularity herein;

c. Questions of law and fact, such as those enumerated below, which are common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d. The claims of the representative party are typical of the claims of the Class;

e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

f. The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

g. There are no unusual difficulties foreseen in the management of this class action; and

h. Plaintiff, whose claims are typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

65. There are thousands of individuals who have used the Website and have searched for adult products. Accordingly, the Class Members are so numerous that joinder of all parties is clearly impracticable.

66. The prosecution of separate lawsuits by Class Members would risk inconsistent or varying adjudications. Class-wide adjudication of these claims is, therefore, appropriate.

**C. Commonality**

67. Numerous common questions of law and fact predominate over any questions affecting individual Class Members including, but not limited to, the following:

a. Whether Defendant collected information about Class Members who used its Website;

b. Whether that information constitutes Electronic Communication as defined in 18 Pa. Cons. Stat. § 5702;

c. Whether Defendant disclosed the messages, reports, or communications between Defendant and the Class Members who accessed its Website;

d. How Class Members' messages, reports, communications, and Private and Personal Sexual Information was disclosed and to whom;

  e. Whether Defendant obtained consent or authorization before disclosing Class Members' messages, reports, communications or Private and Personal Sexual Information; and

f. Whether Defendant's actions constitute a violation of 18 Pa. Cons. Stat § 5702, et. seq.

**D. Typicality**

68. Plaintiff has the same interests in this matter as all other members of the Class and his claims are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of substantially the same material and substantive facts, utilize the same complex evidence (e.g. expert testimony), rely upon the same legal theories, and seek the same type of relief.

69. The claims of the Plaintiff and other Class Members have a common cause and their damages are of the same type. The claims originate from the synonymous disclosure of messages, reports, or communications by Defendant without consent.

70. All Class Members have been aggrieved by Defendant's disclosure of their messages, reports, or communications without consent and are entitled to, *inter alia*, statutory damages.

**E. Adequacy of Representation**

71. Plaintiff has the same interests in this matter as all other members of the Class and his claims are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of substantially the same material and substantive facts, utilize the same complex evidence (e.g., expert testimony), rely upon the same legal theories, and seek the same type of relief.

72. The claims of the Plaintiff and other Class Members have a common cause, and their damages are of the same type. The claims originate from the synonymous disclosure of messages, reports, or communications by Defendant without consent.

73. All Class Members have been aggrieved by Defendant's disclosure of their messages, reports, or communications without consent and are entitled to, inter alia, statutory damages.

74. Plaintiff has retained the services of experienced and qualified counsel, with extensive complex class action experience, including in cases involving online data privacy and similar tracking technologies to those at issue herein.

**F. Class Treatment is the Superior Method of Adjudication**

75. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b. Individual claims by Class Members would create a risk of inconsistent or varying adjudications, which would present the Defendant with incompatible standards of conduct;

c. Individual claims by individual Class Members would create a risk of adjudications which would, as a practical matter, be dispositive of the interests of other individuals who are not parties to the adjudications, or substantially impair or impede their ability to protect and pursue their interests;

d. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

e. In view of the complexity of the issues and the expenses of litigation, the separate claims of individual Class Members are likely insufficient in amount to support the costs of filing and litigating separate actions;

f. The Plaintiff seeks relief relating to the Defendant's common actions and the equitable relief sought would commonly benefit the Class as a whole;

g. The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

h. The proposed class action is manageable.

## CAUSE OF ACTION I

## VIOLATION OF THE PENNSYLVANIA WIRETAP ACT

## 18 Pa. Cons. Stat. § 5701, et. seq.

76. Plaintiff restates all allegations of this Complaint as if fully restated herein.

77. The Plaintiff and/or Class are located in Pennsylvania.

78. Defendant, through its Website, is engaged in the business of selling adult products to the Plaintiff and Class.

79. The Plaintiff and Class used Defendant's Website to search for and/or purchase adult products.

80. When Plaintiff and the Class used Defendant's Website, they were messaging, reporting, and/or communicating with Defendant.

81. Those messages, reports, and/or communications were transmitted or passed over a wire, line, or cable, and were sent and/or received within California.

82. Defendant willfully disclosed the messages, reports, and/or communications with Google via Google Analytics.

83. By doing so, Defendant willfully aided and permitted Google, a third-party, to read and learn of the messages, reports, and/or communications between the Plaintiff/Class and Defendant.

84. Plaintiff and the Class were not aware Defendant was disclosing their messages, reports, and/or communications to Google.

85. Plaintiff and the Class did not consent to Defendant sending or permitting Google to read or learn about the messages, reports, or communications between them and Defendant.

86. Defendant is liable to the Plaintiff and Class for statutory actual damages of $100 a day or $1,000, for each violation, whichever is higher, and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of the proposed Class, prays for judgment as follows:

A. Certification of the proposed Class by order pursuant to Fed. R. Civ. P. 23;

B. Designation of the Plaintiff as representative of the proposed Class and designation of his counsel as Class counsel;

C. Judgment in favor of the Plaintiff and Class Members as against the Defendant;

D. An award to each Plaintiff and Class Member for statutory, actual and punitive damages, pursuant to 18 Pa. Cons. Stat. § 5725.

E. An award of attorneys' fees and costs, including pre- and post-judgment interest;

F. An Order holding that Defendant's disclosure of the Plaintiff's and Class's messages, reports and/or communications was in violation of the Pennsylvania Wiretap Act, 18 Pa. Cons. Stat. § 5701, et. seq.; and

G. Such further relief that this Honorable Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 27, 2024

KIM LAW FIRM LLC

By: *s/Yongmoon Kim*
Yongmoon Kim (Attorney ID: 328106)
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

**COULSON P.C.**
NICHOLAS A. COULSON*
300 River Place Drive
Suite 1700
Detroit, MI 48207
Tel: (313) 644-2685
Nick@CoulsonPC.com

DON BIVENS, PLLC
Don Bivens*
Teresita Mercado*
15169 N. Scottsdale Rd, Suite 205
Scottsdale, Arizona 85254
Tel: (602) 708-1450
don@donbivens.com
Teresita@donbivens.com

* *Pro Hac Vice* applications forthcoming

*Attorneys for Plaintiff and the Putative Class*