IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN DELONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  24-5212 |
| | : | |
| PHE, INC. | : | |

## ORDER

AND NOW, this 6th day of March 2026, upon considering defendant's motion to dismiss (DI 23), and plaintiff's opposition (DI 26), it is ORDERED defendant shall file a reply brief no later than March 13, 2026.  Plaintiff shall file a sur-reply no later than March 18, 2026.[1]

MURPHY, J.

---

[1] In deciding whether Mr. Delong has alleged a concrete harm for purposes of standing, we are guided by the Third Circuit's decision in *Cook v. GameStop, Inc.,*148 F.4th 153, 160-162 (3d Cir. 2025).  Specifically, when plaintiffs analogize harm from website tracking to the tort of intrusion upon seclusion, they must show: (1) the information they entered on the website (and which the website tracked) was personal or sensitive and (2) they had a reasonable expectation of privacy on the website.  Thus, we are particularly interested in whether Mr. Delong has pled both these factors.  With the first factor, we would like the parties to address at least how the information collected by Google on the Adam & Eve website was (or was not) more personal or sensitive than the information collected by the session replay code in *Cook.*  With the second factor, we would like the parties to address at least what explicit or implicit promises PHE made to keep consumer information on its website private.  We observed that the Adam & Eve website discloses its use of tracking technologies.  *See* https://www.adameve.com/t-privacy.aspx.  But it is not readily apparent how, if at all, the amendment complaint and briefing accounts for that, e.g., when did PHE add this disclosure and has PHE made any additional disclosures about its use of tracking technologies?  Standing, of course, has unique qualities for a motion to dismiss because it is the court's continuing obligation to ensure we have jurisdiction.